

**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

DATE RECEIVED

JAN 0 2

LAW DEPARTMENT

LDD / ALL
Transmittal Number: 10692689
Date Processed: 01/02/2013

| | |
|---|---|
| Primary Contact: | Ms. Garnet Chapin<br>Whirlpool Corporation<br>211 Hilltop Road<br>MD 2114<br>St. Joseph, MI 49085 |
| Entity: | Whirlpool Corporation<br>Entity ID Number 2580391 |
| Entity Served: | Whirlpool Corporation |
| Title of Action: | Mitch Turner vs. Whirlpool Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | St. Louis City Circuit Court, Missouri |
| Case/Reference No: | 1222-CC10758 |
| Jurisdiction Served: | Missouri |
| Date Served on CSC: | 01/02/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Marisa L. Saber<br>312-382-3100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



EXHIBIT A



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>STEVEN RUSSELL OHMER | Case Number: 1222-CC10758 |
|---|---|
| Plaintiff/Petitioner:<br>MITCH TURNER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARISA LYNN SABER<br>SUITE 1900<br>333 W WACKER DRIVE<br>CHICAGO, IL 60606 |
| Defendant/Respondent:<br>WHIRLPOOL CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Property Damage | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: WHIRLPOOL CORPORATION
Alias:
CSC LAWYERS INCORP SERVICE CO                                        COLE COUNTY
221 BOLIVAR
JEFFERSON CITY, MO 65101



**COURT SEAL OF**
**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

December 17, 2012
Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                                      Date                                               Notary Public

Sheriff's Fees, if applicable
Summons    $_____
Non Est      $_____
Mileage       $_____ ( ____ miles @ $ _____ per mile)
Total            $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

MITCH TURNER, )
6940 Columbia Avenue, )
University City, Missouri 63130 )
)
)
             Plaintiff, )
)
vs. )   Case No: 1222-CC10758
)
)   **JURY DEMANDED**
WHIRLPOOL CORPORATION )
211 Hilltop Road, MS 2113 )
Saint Joseph, Michigan 49085 )
)
             Defendant. )

**FILED DEC 1 3 2012** — 22ND JUDICIAL CIRCUIT CIRCUIT CLERK'S OFFICE BY _____ DEPUTY

## PETITION

Now Comes Plaintiff, Mitch Turner, by and through his attorneys, COZEN O'CONNOR, and for its Petition against Defendant, Maytag Corporation, states as follows:

### THE PARTIES

1. Plaintiff, Mitch Turner (hereinafter "Turner" or "Plaintiff"), is an individual and resident of the State of Missouri, who, at all times relevant, was the owner of real and personal property located at 2867 Salena, St. Louis, MO 63118 ("the premises"). Turner currently resides at 6940 Columbia Avenue, University City, MO 63130.

2. At all times relevant, the Defendant, Whirlpool Corporation (hereinafter "Whirlpool"), was a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business and registered agent located in Jefferson City, Missouri.

3. At all times relevant, the Defendant Whirlpool was in the business of manufacturing, selling, and distributing dishwashers.

4. Venue is proper in this district, as this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## GENERAL ALLEGATIONS

5. In or around 2006, Turner purchased a KitchenAid model KUDI01ILB52 dishwasher ("the dishwasher"), which was manufactured by Whirlpool.

6. On April 3, 2011, Turner turned the dishwasher on and left the house at approximately 9:30 a.m.

7. At approximately 11:00 a.m., Turner received a phone call from his alarm company that a motion sensor had been activated.

8. While operating through a normal wash cycle, the dishwasher failed as a fire occurred inside the dishwasher, which then spread causing significant damage to the premises.

9. At all times the dishwasher was used as was reasonably anticipated by Whirlpool.

10. As a direct and proximate result of the fire, Turner's real and personal property was damaged in excess of $191,220.99.

## COUNT I
## PRODUCTS LIABILITY

11. Plaintiff incorporates by reference paragraphs 1-10 as though the same were set forth at length herein.

12. Whirlpool manufactured, sold, and/or distributed the dishwasher to Turner in the normal course of Whirlpool's business.

13. At all times relevant, Turner used the dishwasher in a manner reasonably anticipated by Whirlpool.

2

14. At the time it left Whirlpool and into the stream of commerce, the product was in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

15. The subject fire and resulting damage sustained by Plaintiff was caused by the actions and inactions of the defendant, Whirlpool, by and through its agents, employees and servants, for which it is strictly liable in the following ways:

   (a) designing, manufacturing, distributing and/or selling the dishwasher in a defective and/or unreasonably dangerous condition, in that the electrical control board within the dishwasher overheated and/or failed, causing a fire;

   (b) placing the dishwasher into the stream of commerce that was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in that the electrical control board within the dishwasher overheated and/or failed, causing a fire;

   (c) failing to warn consumers of the aforementioned defect(s) in the dishwasher which Whirlpool knew, or should have known was in a defective condition, unreasonably dangerous, and constituted a fire danger.

16. As a direct and proximate result of the aforesaid conduct of the Defendant, Whirlpool, Turner's real and personal property was damaged in excess of $191,220.99 as a direct result of such defective condition as existed when the product was sold.

WHEREFORE, Plaintiff, Mitch Turner, demands judgment against defendant, Whirlpool Corporation, for damages in excess of $191,220.99, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

## COUNT II
## NEGLIGENCE

17. Plaintiff incorporates by reference paragraphs 1-10 as though the same were set forth at length herein.

3

18. Defendant owed a duty to Plaintiff to design, manufacture, test, inspect, market, and distribute the dishwasher with reasonable care and in a workmanlike fashion, and had a duty to protect Plaintiff from foreseeable and unreasonable risk of harm.

19. Defendant, by and through its agents, employees and servants, breached its duties in the following ways:

   (a) failing to design, develop, manufacture, produce, test, inspect, market, and sell the dishwasher in a manner to ensure that under normal usage, an electrical failure would not occur;

   (b) failing to warn consumers of the aforementioned defect(s) in the dishwasher which Whirlpool knew, or should have known was in a defective condition, unreasonably dangerous, and constituted a fire danger;

   (c) placing a product into the stream of commerce that was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in that the electrical control board within the dishwasher overheated and/or failed, causing a fire;

   (d) otherwise breaching the standard of care.

20. As a direct and proximate result of the aforesaid conduct of the Defendant, Whirlpool, Turner's real and personal property was damaged in excess of $191,220.99 as a direct result of such defective condition as existed when the product was sold.

WHEREFORE, Plaintiff, Mitch Turner, demands judgment against defendant, Whirlpool Corporation, for damages in excess of $191,220.99, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

## COUNT III
### BREACH OF MO. REV. STAT. 400-002.314, IMPLIED WARRANTY OF MERCHANTABILITY VS. BOTH DEFENDANTS

21. Plaintiff incorporates by reference paragraphs 1-10 as though the same were set forth at length herein.

4

22. Defendant extended to Plaintiff an implied warranty warranting that the dishwasher, as assembled, would be free of defects in design and/or workmanship and/or would be merchantable and/or fit for the particular purpose for which it was sold, and Plaintiff reasonably relied upon such warranty.

23. The contacts between Defendant and Plaintiff are sufficient to create privity between Defendant and Plaintiff and/or for Defendant to be deemed a "seller" within the meaning of Article 2 of Missouri's version of the Uniform Commercial Code ("UCC") as adopted by Missouri Rev. Statute §§ 400-2.314, and 400-2.315.

24. The contacts between Defendant and Plaintiff by which privity was created include the agency relationship between Defendant, as principals, and agents of Defendant that extended the warranty to Plaintiff.

25. The dishwasher was defective and unreasonably dangerous in that it was:

   (a) designed, manufactured, distributed and/or sold in a defective and/or unreasonably dangerous condition, in that the electrical control board within the dishwasher overheated and/or failed, causing a fire;

   (b) placed a product into the stream of commerce that was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in that the electrical control board within the dishwasher overheated and/or failed, causing a fire;

   (c) failed to contain warnings to consumers of the aforementioned defect(s) in the dishwasher which Whirlpool knew, or should have known was in a defective condition, unreasonably dangerous, and constituted a fire danger.

   (d) otherwise unreasonably dangerous and defective.

26. The dishwasher was in the defective condition at the time that it left the possession or control of the Defendant.

5

27. The dishwasher contained the defect when it left Defendant's possession and control.

28. Plaintiff used the dishwasher for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

29. Defendant breached the above warranties by providing the dishwasher with the above defective conditions.

30. As a direct and proximate result of the breaches of warranty of the Defendant, Whirlpool, Turner's real and personal property was damaged in excess of $191,220.99 as a direct result of such defective condition as existed when the product was sold.

WHEREFORE, Plaintiff, Mitch Turner, demands judgment against defendant, Whirlpool Corporation, for damages in excess of $191,220.99, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

Dated: 12/12/2012

Respectfully submitted,

_____
Marisa L. Saber #60360
Attorneys for Plaintiff, Mitch Turner

Marisa L. Saber #60360
COZEN O'CONNOR
333 W. Wacker Dr., Suite 1900
Chicago, Illinois 60606
(312) 382-3100
(312) 382-8910 (fax)
msaber@cozen.com